By the Court.

The defence in this case is, that the devisee for life having never entered, her refusal to accept the devise is to be presumed; and then the right of entry of the petitioner or remainder man having accrued immediately, he was bound to enter within twenty years; and, having failed so to enter, his right of entry is gone, without which he cannot maintain this process.
That those in remainder might have entered immediately on the refusal of the devisee for life to accept the devise, is true. But one may have different rights of entry; and although the devisee for life refuses to accept the estate devised, and the remainder-man thereby acquires an immediate right of entry, yet he is not obliged to avail himself of his right, so accruing; but he may enter after his second right accrues by the death of the tenant for life. The petitioner, then, had not lost his right of entry on the death of Susannah Wells, and he is entitled to partition of the premises. Let the interlocutory judgment be entered, quad partitio fiat, (a)

 [ Wallingford vs. Hearl, 15 Mass. Rep. 471. — And vide Parsons vs. Wells, S. C 4 Mass. Rep. 64. — Jenk. C. R. 254. — Ed.]