Parker, C. J.
The demandant’s right of entry accrued on the death of the tenant for life; and he had twenty years, by the statute, to preserve his estate by entry. He entered, in fact, within one year after his title accrued, that is, after the termination of the life estate. It is said that he might have entered before, in consequence of the disseisin of the tenant for life. If he might, the law imposed no obligation upon him to do so. He might be utterly ignorant of the disseisin, notwithstanding the visible occupation of the disseisor; for he might well suppose that the tenant had entered under a contract with her who was seised of the freehold. It is settled, in the case of Wells vs. Prince, 9 Mass. R. * 508, that, although the reversioner may enter before the death of the tenant for life, if she refuse to enter, yet that he may waive that right, and enter after her death. That case is the same in principle with the one before us; and the decision is supported by authorities, although none are cited in support of it. If tenant for life acknowledge a fine for a longer time than for the life of the tenant for life, the fine may be good; but it is a forfeiture of the estate, and he in reversion or remainder may enter. Yet he is not *420 obliged so to do; for he may wait the termination of the estate for life, and has five years after that. (5) (a)

Judgment on the verdict.

Shep. Touch. 14. — Jenk. Cent. 254. (a) Jackson vs. Schoonmaker, 4 Johns. 380. — Jackson vs. Sellick, 8 Johns. 262.— Jackson vs. Johnson, 5 Cowen, 74. — Stevens & Ux. vs. Winship & Ux. 1 Pick. 327. — Doe vs. Danvers, 7 East, 321. — Blanchard on Limitations, p. 14 — Whaley vs. Tan cred, T. Ray. 219. — Hunt vs. Burn, 2 Salk. 422.—2 Lew. 52. — 1 Vent. 241.— Mi Roscoe says, “ Whether the statute of limitations will run against the reversioner upon the adverse possession gained by a disseisor who has entered and ousted the tenant for years, and disseised the reversioner, or whether the reversioner may enter within twenty years, after the expiration of the term, is a point .which does not appear to have been decided. A distinction is taken, by Sir Edward Coke, (note to Margaret Podger’s case, 9 Rep. 1056, and per Catline, J., 1 Plow. Com. 374,) between the case of a feoffment made by a termor and a fine levied by him, in which case the reversioner has five years after the expiration of the term, as well as after the fine levied, and the case of a disseisin committed by a stranger to land in the possession of a termor, which operates as an ouster of the termor, and a disseisin of the reversioner; such disseisin of a stranger, according to Sir Edward Coke, bars both the lessee and lessor after five years from the fine levied, and the latter cannot enter within five years after the term ended. This distinction,” says Mr. Roscoe, “ which appears to be grounded on the absence of that privity between the stranger disseisor and the reversioner which, in the case of a fine levied after a feoffment by a tenant for years, prevents the latter, who is intrusted with the possession of the land, from immediately barring the reversioner by his own wrongful act, and taking advantage of his own forfeiture, has never, as it seems, been expressly overruled, (Jenk. Cent. cas. 254. — Shep. Touch. 29. — Woods, Inst. 248. — 2 Saund. Us. and Trusts, 24. — Dighton vs. Grenvill, 2 Vent. 334. — 1 Prest. Com. 237,) though Mr. Preston seems to deny the distinction.”
Roscoe on Real Motions, pp. 498, 505, 506, 507.