Shaw C. J.
delivered the opinion of the Court. The demandant having established his title to three fourths of the premises, by a purchase of the reversion of three of the heirs, expectant upon the termination of the widow’s life estate, under her assignment of dower, is entitled to recover, unless a good defence can be shown.
The tenant relies upon an adverse possession of more than forty years, by himself and those under whom he claims, as a bar to the demandant’s right of entry.
Undoubtedly such an adverse possession would be a bar to any right which the demandant had at the commencement of such a disseisin ; but it is a well settled rule of law, that one claiming in reversion, though he may, if he will, take notice of any disseisin done to the tenant of the particular estate, is yet not obliged so to do, but may wait until his right of entry accrues, upon the death of the tenant for life, and may then enter, how long soever the particular tenant may have been disseised. Wells v. Prince, 9 Mass. R. 508; Wallingford v. Hearl, 15 Mass. R. 471. Indeed the reversioner has no means of knowing with reasonable certainty, whether the party in possession is in by disseisin, or under a title or license from the tenant of the particular estate ; and in the latter case he would have no right of entry.
Here it appears by the facts, that although the dower was assigned in 1780, yet the widow survived until 1826, almost half a century, and that the demandant lost no time in making his entry, after her decease. During the whole period therefore of the forty years relied on as a period of forty years’ adverse possession, the demandant either had no right of entry, or was not bound to exercise it, and of course the statute of limitations did-not run against him.
But it is contended, that it does not appear that the widow ever entered upon the premises, or even assented to the assignment of her dower.
*369 But there being a regular record in the probate court, of the assignment of dower, in the absence of all positive proof either way, her assent to the assignment of dower is to be presumed. Indeed the presumption is, that the assignment was made upon her application, such being the usual course and the proceeding being for her benefit.[1]
Sowle and Hooper took nothing by the collector’s deed to them; at least no title can be claimed under it for the tenant, inasmuch as it has never been acknowledged and registered. This, independently of all other considerations, renders it unavailing as evidence of title.
Although the deed by Sowle to Lucas, and the successive deeds down to Thompson the tenant, if they derived no title under the dowress, may severally have constituted disseisins, yet they were disseisins immediately of the life tenant, and not disseisins done to the present demandant, except at his election. The demandant was not bound to take notice of such disseisins, or to enter or bring his action, to avoid the effect of the statute of limitations.
As to the cutting of wood, and other alleged acts of waste incurring a forfeiture, the same rule applies which has been already stated ; that where the tenant in dower commits waste and thereby forfeits her estate, although he in reversion may enter to terminate the life estate and enforce the forfeiture, yet be is not bound to do so, and until he does the life estate continues. Then upon the death of the widow a new right of entry accrues, upon which he may enter and become seised, although his right of entry for the forfeiture may have been barred by lapse of time and the operation of the statute.[2]
The demandant having established his title to three-fourths of the demanded premises, the tenant is to be defaulted, and judgment entered for such three fourths for the demandant.

 See 2 Phil. Ev. (Cowen & Hill’s ed.) 304, 305.

 See Revised Stat. c. 119, § 3.