Mr. Justice Thottek
delivered the opinion of the court.
The exhibits referred to in the answer fully support the statement of a regular derivation of title by appellee, from the general government, to all the lands sold by this contract to appellant. Sundry depositions were taken to prove the paramount title *466 which is stated to be in Tishoma; but no question is made of appellee’s title to the residue. The preponderance of the proof is against the ailedged insolvency of the appellee. Upon this statement of the case, the chancellor dissolved the injunction.
1 ' It is important, in considering the question of the appellant’s title to relief in this case, to examine the character of the agreement which is disclosed by the record, and whether the promise to pay the purchase money is dependent or independent. The general rule appears to be, that the intention of the parties, to‘be gathered from the whole contract, is the criterion of the question. Thus where a day is fixed for the payment of money, or part of it, and the day is to happen, or may happen, before the thing which is the consideration of the money is to be performed, an action may be brought for the money before performance ; for it appears that the party relied upon his remedy. 1 Saunders, 319. 2 H. Bla. 389. 20 J. R. 15. 5 Cowen, 509. 15 Mass. R. 471.
^ ” In the case just mentioned, where a day is fixed for the payment of money, or part of it, the courts have held that the promise or covenant is independent, because it appears to be the intention of the vendee to pay at all events. And'- hence, where the covenant is to pay the purchase money by instalments, or where part is paid down, and the balance is to be paid by instalments, it has been held that the agreement to pay in this manner is independent. This rule applies as well to contracts for the sale -*af land as of other property; and is therefore an exception from the general principle which prevails in the construction of this , class of agreements; which is, that contracts for the conveyance of land are to be considered mutual and independent, so that the vendor shall not be compelled to part from his land without receiving the consideration agreed upon, nor the vendee to pay the money without the conveyance of the land. This is the doctrine of the case of the Bank of Columbia v. Hagner, 1 Peters’ Rep. 465, and is founded in a wise policy to prevent great injustice ; since otherwise the party might be exposed to irreparable loss. But whilst the principle is thus broadly laid down, and so fully sanctioned by reasons of expediency and justice, it must of necessity yield in all cases to the agreement of the parties, which shows that it was the intention to waives its benefit. The rule. *467 therefore, prevails only in cases where the parties have not manifested an intention, by the terms of their contract, to place themselves under a different one. And this is fully recognized by the court in the case referred to.
It is true, that in the particular case then under their consideration, the court held the contract to be dependent, although the agreement of the vendee was to pay by instalments; a determination which would seem to be founded on the peculiar circumstances of the contract. Hagner submitted a proposition in writing to purchase the lots of the bank, and to pay.the purchase money in six quarterly instalments; for which he would give his notes, if the bank would give him the title. If the bank preferred it, however, he would take a bond for the title when the payments fl-ere completed. It was upon this proposition that the action was brought; and the court decided that the bank was bound to show a tender, either of the bond or deed, before they could recover.
The agreement of Hagner to pay, or to execute his notes, was evidently dependent upon the performance of the condition upon which they were to be made. He was to have a bond for title, or the title itself, and this was the entire consideration of his contract. It is, therefore, entirely a different case from the one at bar. The vendee here received a security for the title in the bond of the vendor,.conditioned for a deed when the last payment of the purchase money was made. And it is evident that he intended to rely upon,.bis, remedy, on that security, from the fact of his having paid part of the money at tKe' '¿line, and promising to pay the larger portion of the whole sum agreed upon at times anterior to the day or event on which he could demand the title. The principles settled in the case of Newman v. Gibson, 1 Howard, 341, are decisive of this question; for the contract in that case was very similar in its terms to the one which is shown in this. And upon a careful examination of the authorities, we feel satisfied to adhere to the doctrine there laid down. ‘ Hence we conclude, that the agreement of the vendee in this case, to pay the money, was independent of the performance of the covenant for title on the part of the vendor.
The vendor agreed to convey the title when th'e last payment *468 was made. It thus appears that the payment of the money was to precede the conveyance; and according to the case of Robb v. Montgomery, 20 J. R. 16, “when the payments are, to precede the conveyance, it is no excuse for non-payment that there is not a present existing capacity to convey a good title, unless the one whose duty it is to pay offers to do so on receiving a good title, when it must be made to him, or the contract may be rescinded.” So in the case of Miller v. Long, 3 A. K. Marshall’s Rep. 335, it was stated that the vendor was not bound to convey the titleihn-til the purchase money was paid. So also in the case of Saunders v. Beal’s Administrators, 4 Bibb, 342, where the agreement was to pay the purchase money in three years, and the vendor covenanted to convey the land in twelve months, or so soon thereafter as the consideration money should be paidjJrTwas held not to be a good answer to an action to recover the money that the vendor had not conveyed the land and was not able to do so, though the vendee averred a tender of the purchase money, and a readiness to pay upon receiving the deed. And in the case of Champion v. White, 5 Cowen, 510, the defence was an inability on the part of the vendor to convey a part of the land; but the court, after deciding that the promises were independent, held the defence not to be tenable.
The bill of complaint in this case does not aver any offer on the part of the vendee to comply with his contract by paying or (tendering the purchase money, nor any demand of the title, but claims a rescisión of the an inability on the part" oTtBiTvenci'dr to convey the title. And it is insisted that the court cannot compei the party to take a defective title, or to resort to his remedy upon the covenant. That where the contract is executory and the vendor is unable to comply with his covenant, the vendee may elect to sue upon the covenant or dis-affirm the contract, notwithstanding he has gone into possession and there has been no eviction. The rule appears to be well settled both in England and in this country that in the case of a purchase of land, where the title fails, a court of chancery will decree a return of the purchase money, even after the complete execution of the contract by payment of the money and delivery of the deed, if there has been a fraudulent misrepresentation as *469 to the title. But it seems to be settled in England, and by most of the courts in this country, if there is no fraud, and the purchaser is not evicted, that the insufficiency of the title, is no ground for relief against the payment of the purchase money, or for rescinding the purchase, and claiming restitution of the money. The party is remitted to his remedies at law on his covenants to insure the title. 2 Kent’s Com. 370, Abbott v. Allen; 2 J. Ch. Rep. 519; 3 A. K. Marshall, 335; 4 Bibb, 342; 5 Conn. Rep. 528; 1 Greenleaf, 352; 5 Cowen, 510; 9 J. R. 126. The case of Newman v. Gibson, 1 How. 341, was decided in conformity with the principles of the above cases. And although we may doubt the policy of this doctrine in its general application, and believe that the justice of the case may often be with the defence, yet it is now too well settled to be departed from.
If then, there has been no fraud, nor any eviction, and the agreement is executed, the vendee can have no claim to relief on the mere ground of a failure of title, 1 J. Ch. Rep. 213. But as in the present case the deed has not been delivered, the contract remains executory and a different rule it is said must prevail. This distinction is laid down and supported by the court in the case of Miller v. Long, 3 A. R. Marshall, 335. In that case the right of the vendee to be relieved where the deed has been delivered is denied; but it is said to be otherwise where the contract is executory, to execute the deed in future. In the first case the court recognize the general rule laid down, that the vendee must resort to his remedy at law upon his. covenants. But in cases like the present where the vendee takes the precaution to secure himself by a penal bond covenanting to convey a title with full covenants, and that appears to be the consideration of his promise to pay the money, though we may consider the covenant to convey as an executory contract, yet it is difficult to conceive how that circumstance can vary the rule as to relief. In the latter case the vendee has his remedy at law upon the covenants in the bond, and he would seem to be equally subject to the general rule to resort to that remedy if there is no fraud or eviction.
In this case the vendee was put in the possession of the land, and has continued in the quiet and undisturbed possession for a period of nearly four years, and for aught that appears to the *470 court may never be disturbed by the alledged outstanding title of the Indian. He has not even been threatened with this title, and no step has been taken by the Indian to enforce it. Under such circumstances it seems to us that it would be contrary to every principle to go into an inquiry as to this title, or to settle its paramount validity, in this collateral proceeding, when the Indian is not before the court, when his title is flatly denied by the vendor, and when he has not for himself thought proper to assert it by any adverse proceeding. Such were the views entertained by the Supreme Court of this state in the case of Miller v. Owens and others, Walker’s Rep. 244, and they seem to us to be fully sustained by the Chancellor in New York in the case of Abbott v. Allen, 2 J. Ch. Rep. 519. In that case the Chancellor reasserts the principle which was established by a former decision in the same court in the case of Bumpus v. Platner, 1 J. Ch. Rep. 213, “ that a purchaser of land who is in possession cannot have relief here, against his contract to pay, on the mere ground of a defect of title without a previous eviction.” And adds, “ that if there be no fraud in the case, the purchaser must resort to his covenants, if he apprehends a failure of title.” It would lead to the greatest inconvenience to permit a purchaser in the actual enjoyment of land, and when no person asserts or takes any measures to assert a hostile claim, to stop the payment of the money on suggestion of a defect of title and on the principle of quia timet.
Hence we conclude, that the appellant is not entitled to .relief in this case, 1st. Because his contract to pay money was independent of the covenant of the appellee to make him a title. He agreed to pay the money at all events, and relied upon the covenants in the bond for a title. 2d. Because he was put in possession of the land and has continued in the undisturbed possession since the time of the contract, and there is no fraud proven upon the vendor, and there has been no eviction by paramount title. 3d. And also because there is no proof of a defect or failure of title which can be noticed by this court. The answer denies the outstanding title, and it has not been duly ascertained in any of the modes by which it can be recommended to the consideration of the court.
The decree of the Chancellor must therefore be affirmed, with costs to the appellee.