Hon. LEMUEL SHAW, CHIEF JUSTICE.
Hon. THERON METCALF, ⎱ JUSTICES.
Hon. RICHARD FLETCHER, ⎰

MEMORANDUM. The Hon. SAMUEL SUMNER WILDE, who was appointed a justice of this court on the 17th of June, 1815, and took his seat on the bench at the following July term in Plymouth, resigned his office on the 5th of November, 1850.

The Hon. GEORGE TYLER BIGELOW, one of the justices of the court of common pleas, appointed a justice of this court in the place of the Hon. SAMUEL S. WILDE, resigned, took the oaths of office on the 21st of November, 1850, and his seat on the bench the last day of this term.

HORATIO H. HUNNEWELL *vs.* GEORGE A. TAYLOR & others.

A tenant in common of a reversion in land expectant on a lease for years cannot maintain a petition for partition under the Rev. Sts. c. 103, § 3.

If a petitioner for partition, who, at the time of the filing of his petition, has no pre-

sent right of entry or possession, subsequently, and before the petition is adjudicated upon, acquires such right, he will not thereby become entitled to a judgment for partition.

THIS was a petition for partition, in which the petitioner alleged, that he was seized and possessed of an undivided half of certain premises on Washington street, in Boston, as a tenant in common with the respondents, and prayed that his half might be set off to him in severalty.

The respondent, Taylor, filed a specification of defence, the first ground of which was, that the petitioner, at the time of preferring his petition, had not an estate in the premises in possession, but only in reversion. He also specified other grounds of defence, which are not necessary to be stated; as the arguments of counsel were, by the direction of the court, confined to this ground, and no opinion was expressed on the other grounds.

In regard to the first ground of defence, the facts of the case were as follows: —

In June, 1845, John Welles and Hannah J. Taylor, being the owners of the premises in question, as tenants in common, demised the same, by leases executed by them jointly, to several tenants, for five years from the 1st of July, 1845. In 1849, Hannah J. Taylor having died, and the respondent, George A. Taylor having inherited the premises from her, Welles and Taylor made a lease, dated April 1st, 1849, of a portion of the premises for three years and three months from that date. By virtue of these several leases, the premises in question were held and occupied by sundry tenants for years, whose terms expired on the 1st of July, 1850.

The petitioner claimed under a deed from John Welles to him, dated December 1st, 1847, of Welles's undivided half of the premises, subject to the leases above mentioned. The petition was dated on the 9th and served on the 11th of December, 1847.

*H. W. Smith,* for the petitioner. The estate of the petitioner is an estate in possession. 3 Cruise, Dig. 344; 4 Dane, Ab. 498; 2 Bl. Com. 142, 143. A lessee for years is not considered by the law as seized or possessed of the land. Cornish

40 *

on Remainders, 68; 2 Bl. Com. 144. Outstanding leases are no obstacle to a partition. *Fisher* v. *Dewerson,* 3 Met. 544; *Weston* v. *Foster,* 7 Met. 297; *Warner* v. *Baynes,* Ambl. 589; Allnatt on Partition, 86; *Agar* v. *Fairfax,* 17 Ves. 533, 544; *Hunt* v. *Hazelton,* 5 N. H. 216; Co. Lit. 167 *a;* Year Book, 21 Edw. III., 57. The Rev. Sts. *c.* 103, § 3, refer only to reversions and remainders expectant upon freehold estates.

*B. R. Curtis* and *E. D. Sohier,* for the respondents.

FLETCHER, J. The deed of John Welles to the petitioner was, of course, only a conveyance to him of the reversion of the grantor's undivided half, after the expiration of the leases for years, which had then about two years and seven months to run, and under which all the premises in question were held and occupied by tenants.

It is now maintained by the respondents, that the petition cannot be maintained, because the petitioner, at the time of preferring his petition, had not an estate in the premises in possession but only in reversion. To maintain this position, the respondents rely upon the Rev. Sts. *c.* 103, § 3, which provide as follows: " Such petition may be maintained by any person who has an estate in possession but not by one who has only a remainder or reversion."

The statute of 1783, *c.* 41, which was in force up to the time when the revised statutes took effect, provided, that any person interested with others in any " lot, tract of land, or other real estate," might make application to the court therein mentioned, who were authorized and empowered to cause partition to be made of such lands, or other real estate, and the share or shares of the party applying for the same to be set off and divided from the rest. The provision of the Rev. Sts. *c.* 103, § 1, is, that all persons, " holding lands," as joint tenants, &c., may be compelled to divide the same. The third section, above mentioned, confining partition to estates in possession, has not, it is believed, been the subject of any direct adjudication, in a case like the present. The commissioners, in their notes, make no reference to this particular section. Some considerations, as to the probable reasons for introducing it, may perhaps aid in its application.

At the common law, parceners only were compellable by writ to make partition. By the statute of 31 Hen. 8, *c.* 1, estates of inheritance, held by joint tenants and tenants in common, were subjected to compulsory partition; and by *St.* 32 Hen. 8, *c.* 32, joint tenants and tenants in common of estates for life or years, (or when one held for life or years, and another held an estate of inheritance or freehold,) might be compelled to make partition by writ. It was the ancient doctrine, under these statutes of Henry 8, that no persons could be made parties to a writ of partition, or be affected by it, but such as were entitled to the present possession of their shares in severalty. By this doctrine, it will be perceived, that no persons could be made parties, plaintiffs or defendants or respondents, but such as were entitled to the present possession of their shares in severalty. But the third section of the Rev. Sts. *c.* 103, applies in terms only to the petitioner; and by an act of the last session of the legislature, *St.* 1850, *c.* 249, provision is made for giving notice in cases, in which remainders or interests are limited to persons not in being at the time of the application for partition ; and the court is authorized to appoint a suitable person, to represent those to whom such remainder may be limited in all proceedings touching such partition. This provision clearly imports, that persons having estates in remainder, even though not in being, may be represented in a petition for partition, and their estates be bound by the partition.

There are English authorities, from which it would seem, that though those only who are entitled to the present possession of the shares in severalty can be made parties to a writ of partition, yet that a court of chancery, in a bill for partition, will bind estates in remainder as well as those in possession. In an early case in this court, before the passage of the revised statutes, it was held, that the process for partition lies only for persons actually seized. *Bonner* v. *Kennebeck Purchase,* 7 Mass. 475. But in subsequent cases, it was fully settled, that a party having an immediate right of entry and of possession might maintain a process for partition. *Wells* v. *Prince,* 9 Mass. 508; *Barnard* v. *Pope,* 14 Mass. 434. Since the revised statutes, it

has been fully settled, that a party having a present right of entry and possession, though out of actual possession and disseized, may maintain a petition for partition, considering a present right of entry and possession, as being substantially and in principle an estate in possession, within the provision of the Rev. Sts. *c.* 103, § 3, above mentioned. *Marshall* v *Crehore*, 13 Met. 462. That a petitioner for partition, under the statute, must have an estate in possession, or a present, immediate right of entry and possession, would seem necessarily to result from the nature and object of the petition. The petitioner seeks to have his share of the estate set off to him, so that he may hold the same in severalty. The objects of partition are to avoid the inconveniences which result from a joint or common possession, and to enable the petitioner to possess, enjoy, and improve his share in severalty. If the petitioner has no estate *in præsenti*, but *in futuro* only; if he has no present, immediate right of entry and possession; then there are no inconveniences of a joint or common possession of which he can complain; nor can he possess and enjoy his share in severalty; which is the object he seeks to accomplish by his petition. The objects of partition cannot be subserved by a division of an estate, which may not come into possession for years after such division. In fact, the purposes of a person creating remainders may in many, perhaps in most instances, be defeated by a premature partition.

In the present case, the petitioner having at the time of preferring his petition no present right of entry or possession, but only a reversion after the expiration of the leases for years, cannot maintain the petition. Whether the terms for years be long or short cannot affect the principle. The fact, that the leases have now expired, cannot affect the rights of the parties, which must be determined upon the facts as they stood when the process was instituted. *Petition dismissed.*