## FOSTER *v.* MARSHALL.

A remainder-man or reversioner after an estate for life, has twenty years to bring his action after the life estate is determined.

Tenant by the curtesy *initiate*, has an estate for life in the wife's estate of inheritance, in his own right.

If such tenant is disseised, the wife or her heirs have twenty years to commence their action after the death of the husband.

WRIT OF ENTRY. The facts in this case are sufficiently stated in the opinion of the Court, delivered by,

BELL, J. The principal question arising in this case, is as to the effect of the Statute of Limitations upon the demandant's right of action. It appeared that the demanded premises were set off by a committee of partition, appointed by the Court of Probate, to Mary Foster, formerly Mary Eastman, the mother of the demandant, as her share of the estate of her father, Samuel Eastman, deceased, on the 14th of May, 1814. Mary Foster was then the wife of Frederick Foster, by whom she then had one or more children. Frederick Foster died in 1834, and his wife in 1836. They had six children, whose rights are said to be now vested in the plaintiff.

The defendant proved, that in 1817, one Morrill was in possession, claiming to be the owner of the demanded premises. He conveyed the same by deed, dated July 3, 1817, to one Marshall, who entered and occupied, claiming title, till April 30th, 1847, when he conveyed to the tenant, who has since remained in possession. The tenant claims that he has a perfect title by thirty years undisturbed and peaceable possession. The demandant alleges that his right is not barred, because at the time when the disseisin occurred, in 1817, Mrs. Foster was a *feme covert*, and up to 1834 her husband had an estate for life in the premises and she had no right of entry until his decease, and consequently no right of action till then, and that since that time twenty years have not elapsed.

Under the Statute of Limitations, which was in force in this State before the Revised Statutes, it must be considered settled, that the statute did not affect the right of a remainderman or

reversioner, during the continuance of the particular estate; and that neither the acts nor the laches of the tenant of the particular estate could affect the party entitled in remainder. *Wells* v. *Prince*, 9 Mass. Rep. 508; *Wallingford* v. *Hearl*, 15 Mass. Rep. 471; *Tilson* v. *Thompson*, 0 Pick. Rep. 359.

No right of entry or action accrued to, or vested in the heirs of the wife during the continuance of an estate by the curtesy. *Jackson* v. *Schoonmaker*, 4 John. Rep. 390.

But the party entitled is not barred, until the usual period of limitation after the termination of the life estate. *Heath* v. *White*, 5 Conn. Rep. 228; *Witham* v. *Perkins*, 2 Greenl. Rep. 400.

If, then, the husband had, in this case, an estate by the curtesy, or any interest in the land which would entitle his wife, who survived, to be regarded as seised only in remainder or reversion, she and her heirs would have the full period of twenty years after the death of the husband, to commence their action.

To constitute a tenancy by the curtesy, the death of the wife is one of the four things required. The estate of the husband is *initiate* upon the birth of issue. It is consummate on the death of the wife. 4 Kent's Comm. 29; Co. Litt. 30, a.

*By the intermarriage*, the husband acquires a freehold interest, during the joint lives of himself and his wife, in all such freehold property of inheritance, as she was seised of at the time of marriage, and a like interest vests in him in such as she may become seised of during the coverture. The husband acquires *jointly with the wife*, a seisin in fee in the wife's freehold estates of inheritance, *the husband and wife* being seised in fee *in right of the wife*. Gilb. Ten. 108; Co. Litt. 67, a.; *Palyblank* v. *Hawkins*, 1 Saund. Rep. 253, n; *S. C.* Doug. 350.

This interest may be defeated by the act of the wife alone; as if, at common law, the wife is attainted of felony, the lord by escheat could enter and eject the husband. 4 Hawk. P. C. 78; Co. Litt. 40, a.; Vin. Ab. Curtesy, A.; Co. Litt. 351, a.

*After the birth of issue* the husband is entitled to an estate for his own life, and *in his own right*, as tenant by the *curtesy initiate*. Co. Litt. 351, a. 30, a. 124, b.; *Schermerhorn* v. *Miller*, 2 Cowen's Rep. 439. He then becomes *sole tenant* to the lord,

and is *alone* entitled to do homage for the land, and to receive homage from the tenants of it, which until issue born must be done by husband *and wife.* 2 Black. Comm. 126; Litt. § 90; Co. Litt. 67, a. 30, a.

Then he may forfeit *his* estate for life by a felony, which, until issue born, he could not do, because his wife was the tenant. 2 Black. Comm. 126; Roper Hus. & Wife, 47.

If the husband, after the birth of issue, make a feoffment in fee, and then the wife dies, the feoffee shall hold the land during the husband's life; because by the birth of issue, he was entitled to curtesy, which beneficial interest passed by the feoffment. Co. Litt. 30, a.

If such feoffment is made before issue born, the husband's right to curtesy is gone, even though the feoffment be conditional and be afterwards avoided. And if in such case the husband and wife be divorced *a vinculo matrimonii,* the wife may enter immediately. *Guneleys case,* 8 Co. Rep. 73.

The husband's estate after issue born, will not be defeated by the attainder of the wife, for his tenancy continues, he being sole tenant. 1 Hale, P. C. 359; Co. Litt. 351, a. 40, a.; Bro. Ab. Forf. 78.

The obvious conclusion from these views of the nature of the interest of a tenant by the curtesy initiate is, that such tenant is seised of a freehold estate in his own right, and the interest of his wife is a mere reversionary interest, depending upon the life estate of the husband. The necessary result of this is, that the wife cannot be prejudiced by any neglect of the husband, and of course she may bring her action, or one may be brought by her heirs, at any time within twenty years after the decease of the husband, when his estate by the curtesy, whether initiate, or consummate, ceases, and her right of action, or that of her heirs, accrues. In this respect there is no distinction between curtesy initiate and curtesy consummate. *Melvin* v. *Locks & Canals,* 16 Pick. R. 140.

So far as we are aware, this principle has never been questioned, where the inheritance of the wife has been conveyed to a third person, either by the deed of the husband alone, or by a

deed executed by husband and wife, which from some defect did not bind the interest of the wife. *Miller* v. *Shackleford*, 3 Dana Rep. 289 ; Caller v. *Metzer*, 13 Serg. & Rawle Rep. 356 ; *Fagan* v. *Walker*, 5 Iredell Rep. 634 ; *McCorry* v. *King*, 3 Humph. Rep. 267 ; *Mellus* v. *Snowman*, 8 Shepley Rep. 201 ; *Meramon* v. *Caldwell*, 8 B. Mon. Rep. 32 ; *Gill* v. *Fauntleroy*, Ib. 177 ; *Melvin* v. *Locks & Canals*, 16 Pick. Rep. 140. But it has been held, (*Melvin* v. *Locks & Canals*, 16 Pick. Rep. 161 ; *Kittridge* v. *Locks & Canals*, 17 Pick. Rep. 246,) that where a disseizin has been committed upon the wife's estate, the disseizin is done alike to the husband and wife ; that a joint right of entry and of action accrues to both for the recovery of it, and that if such remedy is not prosecuted within twenty years, it is barred.

This is true where the husband has acquired no estate by the curtesy, and is seized merely in the right of the wife of her estate. Such are the cases of *Guion* v. *Anderson*, 8 Humph. Rep. 298 ; *Mellus* v. *Snowman*, 8 Shep. Rep. 201.

And if the husband is tenant by curtesy, as he and his wife are seized of the fee in right of the wife, the action must be brought by husband and wife, and a joint seizin in fee alleged in them in her right. *Anon*. Buls. 21. Their joint right of action is barred by the lapse of twenty years after it accrues. But it by no means follows, that the reversionary right of the wife, accruing in possession after the estate of her husband has ceased, is also barred. It is well settled, that the same party may have several and successive estates in the same property, and several rights of entry by virtue of those estates, and one of those rights may be barred without the others being affected. *Hunt* v. *Burn*, 2 Salk. 422 ; *Wells* v. *Prince*, 9 Mass. Rep. 508 ; *Stevens* v. *Winship*, 1 Pick. Rep. 318 ; *Tilson* v. *Thompson*, 10 Pick. Rep. 359.

And every reason, which can exist in favor of the right of any reversioner, applies equally in this case, namely, that a reversioner has, as such, no right of entry and no right of action during the particular estate, and consequently is not barred until twenty years after his own right of entry accrued. 2 Sugd: V. & P. 353 ; 3 Steph. N. P. 2920, n. 10 ; 9 Mass. Rep. 508 ; 1

Foster *v.* Marshall.

Pick. Rep. 318; 15 Mass. Rep. 471; 10 Pick. Rep. 359; 4 Johns. Rep. 390, before cited. Besides, the wife by reason of her disability can make no entry to revest her estate during the coverture. Litt. p. 403; Co. Litt. 246, a. Coke says, in express terms, "after coverture, she, (the wife,) *cannot enter* without her husband."

In *Jackson* v. *Johnson*, 5 Cow. Rep. 74, and *Heath* v. *White*, 5 Conn. Rep. 228, this question arose, and was decided in accordance with our views, and we think upon sounder principles than the cases in Massachusetts, to which we have referred.

We have compared the provisions of the Revised Statutes with the older Statutes, and do not perceive, that there is, as to the point in question, any difference in their effect. Under neither would the plaintiff propose to claim any advantage from the proviso. His ground is not that the ancestor was a married woman, when her right accrued; but that her marriage and the birth of one or more children had vested a life estate in her husband, and that the disseizin was done to him, and that no right of action accrued to her in virtue of the reversionary interest, under which her heirs now claim, until she became a widow, and the husband's estate had terminated; and that the action is brought within twenty years after that event. This appears to us a correct view of the case, and of the law; and the verdict must therefore be set aside, and a

*New trial granted.*

*Hackett,* for the demandant.

*Porter,* for the tenant.