## Crow *versus* Kightlinger.

The estate of a husband in his wife's lands, is barred by an actual adverse possession of it by a stranger for twenty-one years, during the life of the wife.

The death of the wife after the statutory bar has thus intervened, gives him no new right of entry or action.

· Nor can he avoid the bar of the statute by bringing the action during his wife's life, in their joint names.

ERROR to the Common Pleas of *Indiana county*.

This was an action of ejectment for three undivided fourth parts of 200 acres of land, brought by Michael Kightlinger and others against Samuel Crow and others, in which the plaintiffs claimed as the heirs of Thomas Wilkins.

The defendants claimed to hold the land under the statute of limitations, and proved that Henry Livingston entered into possession of the premises in 1812 or 1813, and that they afterwards came into possession under his claim, and continued till the trial of the cause.

To avoid the bar of the statute, the plaintiffs proved that Thomas Wilkins died in 1801, leaving eight children, four of whom died without issue prior to the year 1808. The survivors were Mary (not a party to this suit), Elizabeth, married to Jonathan Benn in 1801, and who died in 1845; Ruth, married to Samuel Reed in 1804, and who died in 1815; and Isabella, intermarried with Michael Kightlinger in 1809, and still living; and who, with the husbands and issue of Elizabeth and Ruth, were the plaintiffs in the cause.

⌐ On this part of the case, the Court below, BURRELL, P. J., charged the jury as follows:—

"Elizabeth was married to Benn in 1801, and died about 1845; Ruth married Reed in 1804, and died in 1815; and Isabella married Kightlinger about 1809, and is still living. Now, as Elizabeth and Isabella were married in 1812 or 1813, when this alleged adverse possession commenced, the statute did not run against them, and has not commenced to run against Isabella; and has only been running ten years against Benn, the surviving husband of Elizabeth. But as to Samuel Reed it is different. His wife died in 1815, and he could have sued then to recover his wife's estate; and therefore if there was an adverse possession kept up for twenty-one years, he cannot recover."

The jury found for plaintiffs two undivided fourth parts, and against the claim of Reed, whose wife died in 1815.

The defendants sued out this writ of error.

*Drum*, *White*, and *Coffey*, for plaintiffs in error.

[Crow *v.* Kightlinger.]

The opinion of the Court was delivered by

LEWIS, C. J.—The rule of Court, adopted more than three years ago, requires that "when the error assigned is to the charge of the Court, the part of the charge referred to must be quoted *in totidem verbis* in the specification." It has been repeatedly held that an assignment which merely alleges that the Court erred in their answer to a point, specified by number, without quoting either the point itself, or that part of the answer complained of, is not a specification of error according to the rule. In the seven assignments in this case, there is not a single *specification* of error. But in the exercise of our discretion, we feel inclined to take notice of an error which we think affects the justice of the cause.

The plaintiffs below were permitted under the charge to recover two undivided fourth parts of the land. The right of Samuel Reed was held to be barred, if the adverse possession of the defendants commenced in 1813, and was continued ever since. But in regard to the interests of Jonathan Benn and Michael Kightlinger and wife, it was held that although such continued adverse possession existed, the statute did not begin to run against them in time to bar their action. The right of action accrued to Jonathan Benn and Elizabeth his wife in 1813. Elizabeth died about the year 1845. The present action was brought in 1852. The Court seems to have been of opinion that Benn was not bound to bring suit until his title as tenant by the curtesy was completed by the death of his wife in 1845. In this we think there was error. A person having different rights of entry is, in general, not barred until the statute has run against them all. This would be the case of the remainder-man where the tenant for life loses his estate by non-acceptance or by forfeiture: Wells *v.* Pierce, 9 *Mass.* 508; 9 *Viner's Abr.* 442. In that case the remainder-man may enter for the forfeiture presently, or he may waive it and wait until the life estate expires by limitation; and he is not barred by the statute until twenty-one years after his last right of entry accrues. But the estate which a husband holds in right of his wife, is but one estate, although it be perfected by stages, and the husband has but one right of entry in regard to it. If he chooses to slumber on his rights for twenty-one years after he is deprived of it by an adverse possession, it is barred, so far as he is concerned, as fully as if he had made a release to the disseisor. The death of the wife, after the bar has thus intervened, does not give him a new right of action. Upon his death her heirs may bring their action as remainder-men; but this gives him no right. Nor can he avoid the effect of the statutory bar by bringing the action during his wife's life, in the joint names of husband and wife. A recovery in such an action is substantially a recovery of his own life estate, after it is gone by his own supineness. If she survive him, she may have her action within

[Crow v. Kightlinger.]

ten years after the disability of coverture is removed. But the right of action thus preserved for her benefit cannot be made available to resuscitate his own dead claim. The Court ought to have instructed the jury that if the defendants held possession adversely from 1813 down to the commencement of this suit, Benn and Kightlinger and wife were barred. It is the spirit of the statute to allow twenty-one years from the time the persons claiming right make an entry or support an action: Hall v. Vandegrift, 3 *Binn.* 374. In McDowell v. Potter, 8 *Barr* 189, the husband and wife were held to be barred in a personal action brought expressly for the benefit of the wife, although the wife, if surviving, would not have been barred.

As the plaintiffs below claimed under John Wilkins, a devise in the will of the latter to a particular person by name would be *prima facie* evidence against them of the existence of such a person at the date of the will, unless there were some expressions in the instrument to throw a doubt on the question. As the will is not given in the paper-book, we cannot reverse for any supposed error in the construction of it, or in the effect given to its language. And as the errors are not particularly specified, we do not think it necessary to examine the proceedings any further in search of them. When the cause comes back, the plaintiffs in error, if really injured by the decision, will probably take the trouble to specify particularly the errors of which they complain.

Judgment reversed and *venire facias de novo* awarded.