## ORLANDO MIXTER *vs.* ALONZO B. WOODCOCK.

Worcester.   September 28, 1891. — October 26, 1891.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Estate for Life — Adverse Possession — Disseisin.*

A widow became a tenant for life of real estate under her husband's will, but
occupied the same for over thirty years until her death, believing that she
owned it absolutely, having meanwhile mortgaged the same to one with a like
belief. *Held,* that her possession was not in its nature an adverse possession;
and that her mortgagee acquired no title by what she did, and could not, after
foreclosure without gaining possession, recover the premises from one having a
possessory title merely.

WRIT OF ENTRY, dated December 7, 1886, to recover a parcel
of land on Fruit Street in Worcester.   After the former decision,
reported in 147 Mass. 613, the action at law was changed in the
Superior Court to a suit in equity.   At the hearing, before
*Blodgett,* J., it appeared in evidence that John E. Luther, who
died in June, 1856, leaving a widow but no issue, was seised in
fee of the parcel in question; that by his will his widow, under
the former decision, took a life estate only in the premises, but
remained in possession from the death of the testator until her
death in 1886, believing that she took an estate in fee under
the will; and that she occupied them openly in all respects as
her own, claiming title in fee thereto.   On three several occa-
sions, in 1862, 1876, and 1885, she gave mortgages thereof in the
usual form, all of which were recorded, and all but the last of
which were discharged.   The plaintiff, who was the demandant
in the writ of entry, was the mortgagee named in the last of
these mortgages, and believed that the widow had a title in fee
at the time he took his mortgage.   The condition of the mort-
gage having been broken, he duly foreclosed, under a power of
sale contained therein, and a conveyance was afterwards made
to him.   In August, 1886, he entered upon the premises for
the purposes of foreclosure, but never had any other posses-
sion thereof.   The defendant, who was a tenant in the writ of
entry, made no claim of title, but was in possession at the time
the writ of entry was brought, and continued in possession of
the demanded premises at the time of the hearing.

The judge ruled that, as matter of law, it having been decided that the widow of John E. Luther took a life estate only under the will, she could not acquire a title in fee to the premises by adverse possession, and that the plaintiff took no title by his mortgage and its foreclosure which would enable him to maintain this suit in equity, or an action at law, against the defendant for the recovery of the land; and dismissed the bill, and reported the case for the determination of this court.

*J. Mason*, for the plaintiff.

*J. H. Bancroft*, for the defendant.

MORTON, J. Without undertaking to say that in no case could the occupation of a life tenant be so long continued and of such a character as to vest in him a title in fee by adverse possession, and without intending to intimate that it could, we think that the ruling of the judge who heard this case was correct. Under the decision in the case of *Mixter* v. *Woodcock*, 147 Mass. 613, the only estate which the widow had was a life tenancy. She was in possession of the premises as a life tenant. Her belief that she owned the property absolutely did not give her any additional rights, nor did the like belief on the plaintiff's part help matters. That simply made the mistake a common one. The widow was not in possession under a deed or instrument which purported to give her a fee, but in fact only gave her a life estate, and which might have afforded some color for her belief that she owned the fee and for her acts; she was in possession under the will of her husband, which did not purport to give, and did not in fact give, her anything except a life estate. If the mortgages executed by her may be regarded as acts of disseisin, so that the reversioner could have entered, he was not obliged to do so, but could wait until his right of entry accrued upon her death; and neither the widow nor those who claim under her would acquire any rights against him, or title to the property, by virtue of her or their occupation in the mean time. *Wells* v. *Prince*, 9 Mass. 508. *Wallingford* v. *Hearl*, 15 Mass. 471. *Tilson* v. *Thompson*, 10 Pick. 359. *Miller* v. *Ewing*, 6 Cush. 34. The demandant must recover on the strength of his own title. Failing to show title, he must at least show a better right to possession than the tenant. This he does not do.

The decree dismissing the bill must therefore be

*Affirmed.*