CALLAWAY COUNTY, Plaintiff in Error, v. NOLLEY *et al.*, Defendants in Error.

1. On the 29th August, 1835, H. dedicated to public use the lot in controversy by filing a plat in the office of clerk of the circuit court of Callaway county, on which plat this lot was marked "Market Square," under the statute, (R. C. 1825, p. 762.)    On the 26th November, 1844, H. and his wife deeded the lot in controversy to the defendants : *Held*, that the statute of limitations runs against municipal corporations, and other authorities established to manage the affairs of the state, as against individuals ; and that the right of the public in property dedicated to public use may be lost by an adverse possession for ten years.
2. When ten years have elapsed from the taking effect of our statute of limitations, all real actions are barred, although they first accrued under some other act of limitations, which gave a longer period.

*Error to Callaway Circuit Court.*

The lot in controversy was a part of Hockaday's addition to the town of Fulton, in Callaway county.    On the 29th August, 1835, said Hockaday filed in the office of the clerk of the circuit court of Callaway county a plat of said addition, on which this lot, square No. 203, is marked "Market square."    On the 26th November, 1844, said Hockaday and his wife deeded the said lot to the defendants as trustees of the Presbyterian church.    On the 23d September, 1859, this writ was brought by Callaway county to the use of the inhabitants of Fulton, against the defendants as trustees.

*Ansell, Hardin & Gardenhire*, for plaintiff in error.

I. The first instruction asked by plaintiff should have been given, because, whether the said market square was by the

said plat expressed, named or intended for public use, was a question of fact for the court sitting as a jury to determine. There was undoubtedly evidence on the plat itself that it was intended for public use, and if so, then it was a conclusion of law that said Hockaday could not, after the plat was deposited in the recorder's office, resume control over said square, or sell or donate the same. (Town Plats, Stat. Mo. 1835, p. 599; The City of Hannibal v. Draper, 15 Mo. 640; Trustees of Watertown v. Cowen, 4 Paige, 513; City of Cincinnati v. White, 6 Peters, 431, 437; Barclay and others v. Howell's Lessee, 6 Peters, 498, 504; 3 Kent, 450, 451; New Orleans v. The United States, 10 Peters, 662, 712, 731, 734, 736.)

II. The plaintiffs contend that the statute of limitations does not apply to or bar a public trust, or a dedication of highways, streets, squares, &c., to public use; that if the statute of limitations applies at all, then it must be the statute in force at the time of the defendants' entry into said lot; that to entitle defendants to insist on the statute of limitations then in force, their possession must have been notorious, uninterrupted and under an adverse claim of title for a period of twenty years as required by the statute then in force.

III. There can be no adverse possession set up by defendants in this cause. If Irvine O. Hockaday dedicated said lot of ground to public use, then he could not resume the possession and control of said lot either for the neglect to occupy said lot by the parties to whom dedicated, however long they might neglect to improve or fail to occupy said lot for the purposes of its dedication; but if the said Hockaday had resumed the control or occupancy of said lot, he would have held the same as a trustee for the public use and could not have set up adverse possession against plaintiff.

IV. Defendants purchased for a nominal consideration, and held under a quitclaim deed said lot from I. O. Hockaday. Daniel Nolley, one of the defendants, took the acknowledgment of said Hockaday to said plat before the filing

Callaway County v. Nolley.

of the same—the plat was filed as required by law and was notice to all persons—the deed of said Hockaday to Nolley and others states that said square " was originally intended to be donated to the town of Fulton for the purposes of a market, but there being so little public spirit in the town of Fulton that it is now believed there will not be shortly a market erected upon said square, therefore the original design is abandoned and the said lot of ground is now donated and appropriated to said church for the purpose of erecting thereon a house of public worship ;" therefore the said defendants hold under no other or better title than said Hockaday would have held had he resumed possession. Therefore plaintiff says that there is no legal medicine that can cure their defective title, and no balm in Gilead that can purge to a pure and pristine health the foul inception of their pernicious claim.

*H. C. Hayden*, for defendants in error.

I. The court committed no error against plaintiff in the introduction of testimony showing that Hockaday had remained in possession of the ground in controversy, had paid taxes assessed by the town and county ; that the trustees of the town had caused the sidewalk and curbs to be erected on the street used by the town running through said property. The evidence in regard to taxes was competent and relevant to show adverse claim by Hockaday down to the year 1844 ; that in regard to the street and building of the curbs with the evidence of the taxation by the town, altogether running through a space of twenty-four years, was relevant and competent to show the contemporaneous construction of the plat by the acts of the parties, Hockaday and the town, that the property was regarded as the property of Hockaday. The non-user by the town showing either that there had been no acceptance of the alleged donation or that it had been subsequently abandoned ; that it had never been used for the purposes for which it was claimed to have been donated. The town must have accepted the donation.

(3 Kent's Com., side page, 451, top page, 566, note *a*, note 2 ; Law Reporter, March, 1849, p. 505 ; Willoughby v. Inks, 20 Wend. 96 ; 2 Greenl. Ev. § 662, 664 ; 2 Doug., Mich., Rep. 283—287 ; 16 Barb. 251 ; 14 ib. 511 ; 1 Rhode Island, 511; 8 Grattan, 632; 6 Verm. 367, 355 ; 11 Penn. 444 ; 2 Hilliard on Real Property, 73 ; 2 Selden, 257 ; 5 Strob. 217; 40 Maine, 154; 8 B. Monroe, 232 ; 25 Maine, 554 ; 23 Vermont, 92.)

II. The statute of limitations is a complete bar to this action. (County of St. Charles v. Powell, 22 Mo. 525 ; 18 Mo. 220 ; 26 Mo. 453 ; 19 Mo. 602 ; 8 B. Monr. 259.)

SCOTT, Judge, delivered the opinion of the court.

This cause in the court below was made to turn on the statute of limitations. It was maintained for the plaintiff that inasmuch as the dedication made by Irvine O. Hockaday was for the public use, a title to the lot in controversy could not be required under the statute of limitations by adverse possession. Admitting that by the plat of the addition made to the town of Fulton, the lot in question was intended for a market, it does not follow that a dedication for such a purpose was of such a character that a title to the lot dedicated could not be gained under the statute of limitations. The dedication it seems was made on the 4th of May, 1835. As the laws contained in the code of 1835, with few exceptions, of which the act concerning plats of towns and villages were not one, did not go into effect until the 1st December, 1835, the act concerning towns in the code of 1825 will govern in this case. (Roberts v. Stoner, 18 Mo. 481.) The third section of the act concerning plats of towns and villages, (R. C. 1825, p. 762,) provides that "all maps and plats of towns and villages, and additions to towns or villages, which shall be made, acknowledged, certified and deposited with the recorder as aforesaid, shall be deemed a sufficient conveyance to vest the fee of such parcels of land as are therein expressed, named or intended to be for public

uses, in the county in which such town, village or addition is situate, in trust and for the uses therein named, expressed or intended, and for no other use or purpose whatever."

Under this act, if the lot was intended for a market under the instrument of dedication, the legal title to it vested in Callaway county. The statute in using the words "public uses," in reference to the dedication and donation made for the benefit of the inhabitants of a town or village did not thereby design to extend the use of the property to others than the inhabitants. In saying the property intended "for public uses," the legislature did not contemplate that the use of such property should be for the people of the State. It was for public use as contra-distinguished from the use of property belonging to the individual inhabitants of the town. Here then was a lot whose legal title was vested in Callaway county, in trust for the inhabitants of the town of Fulton. Callaway county was as competent twenty years ago to bring an action as it was at the time of the institution of this suit. In fact it is nothing more than a body politic, acting as trustee for the inhabitants of the town of Fulton. It is subject to the statute of limitations, as was held in the case of the County of St. Charles v. Powell, 22 Mo. 525. Property held by individuals or bodies politic in trust is as much subject to the statute of limitations as that owned by individuals. Since, 1849, the ancient maxim *nullum tempus occurrit regi* has been abolished in this state, and now the state herself is bound by the statute of limitations in the same manner as individuals. So in the case of Funkhouser v. Langkoff, 26 Mo. 453, it was held that the right to her commons held by the city of Carondelet for the benefit of the inhabitants thereof, would be barred by an adverse possession of twenty years.

The cases cited by the defendant's counsel seem opposed to these views. But there is a conflict of opinion on the subject. Angell, in his work on highways, says, that the doctrine of the earlier cases that there can be no loss of a public

right by non-user, has to some extent been departed from in more modern decisions.  (310.)  In Commissioners v. Taylor, certain lands were conveyed for streets, but never used as such, but, on the other hand, enclosed and used as a farm for more than forty years; and it was held that the doctrine of non-user would apply, which would forfeit a corporate right as well as misuser.  (2 Bay, 282.)  The same principle has been established by the supreme court of Ohio, in the case of Fox v. Hart, 11 Ohio, 414; and in Kentucky, in the case of Rowan's Executors v. Portland, 8 Ben. Mon. 259. In this latter case it would seem that the fee of the land was vested in town trustees for the public use.  Judge Marshall, in delivering the opinion of the court, said, " that the public right as growing out of the dedication in this case, was subject to be defeated and divested by adverse possession and claim for individual right for twenty years, admits, as we think, of no doubt.  The dedication was not to the commonwealth as a corporate being, and vested no title or interest in her.  The maxim *nullum tempus occurrit regi*, is therefore inapplicable.  There is nothing to exempt the right which really vested in the town and its citizens to be upheld by them for the public, from the operation of the statute of limitations, or from the presumptions arising from adverse claim and possession as they would apply in ordinary cases of private right or public easements."  So in Vermont, it was held that the inclosure and occupation of land within the limits of a highway for twenty years under a claim of right made a title by prescription to the land so enclosed and occupied as against the public.  (22 Verm. 480, Angell, 311.)  These views correspond with the opinions heretofore entertained by this court, and we are unwilling to depart from them as now the state herself by our law is subject to the statute of limitations.

The construction put upon the existing statute of limitations as to real actions is, that where ten years have elapsed from the taking effect of the act, the action is barred, al-

though it first accrued under some other act of limitations, which gave a longer period within which to bring it. This construction of the act will give the trustees a title under their own adverse possession.

Judgment affirmed. The other judges concur.