MARY BILLION, Appellant, v. ISABELLA WALSH et al., Respondents.

1. *Lands and land titles— Actions for recovery of lands, limitations to — Act in force at time action is commenced, and not when cause of action accrued, must govern.*— An action for real estate brought more than ten years from the passage of the act of 1847, and more than three years after the disability of the defendant had been removed (Sess. Acts 1847, p. 94, §§ 1, 4), was barred, even though the cause of action accrued under the limitation act of 1825, which permitted plaintiff to sue at a date subsequent in point of time to that limited by the act of 1847. And the case would not be taken out of the provisions of the act of 1847 by section 15 of the limitation act of 1855 (R. C. 1855, p. 1053, § 15). Under a proper interpretation of that section, plaintiff's action was subject to the laws in force at the time of the passage of the act of 1855, viz : the laws of 1847. The "laws" referred to in section 15 were not those in force when the right of action accrued, but when the act of 1855 took effect. And section 14 of the limitation act of 1865 (Gen. Stat. 1865, p. 747) does not enlarge the scope of section 4 of the act of 1847. Section 14 is a continuation of section 10, article II, chapter 103, R. C. 1855, and has no reference to suits for the recovery of real property.

*Appeal from St. Louis Circuit Court.*

*McClure*, and *Dryden, Lindley & Dryden*, for appellant.

Defendant can not set up this defense under the act of 1855, because the act provides that the limitation of the actions shall be governed by the law in force at the time the right of action accrued. (R. C. 1855, p. 1053, § 15 ; *id.* 1049, § 10.) This took effect on the first day of August, 1866.

*Hill & Jewett*, for respondents.

I. Ten years' adverse possession, since the act of 1847 (limiting to ten years), is sufficient to give title, though the right of

possession or of action accrued before the passage of the act of 1847. (City of Carondelet v. Simon, 37 Mo. 408; Callaway County v. Nolley, 31 Mo. 393.)

II. Section 14, p. 918, Wagn. Stat., plainly relates to personal actions.

CURRIER, Judge, delivered the opinion of the court.

This is a proceeding in equity to set aside certain deeds, and to restore the plaintiff to the possession of the premises thereby sought to be conveyed. The controlling facts of the case are as follows: In 1812 Margaret Graham acquired from her father the title to the premises in controversy. She soon after intermarried with Michael Connell, who died in 1831 or 1832. Prior to his death, and soon after the marriage—namely, July 7, 1812— Connell and wife joined in the execution of a deed of the premises to Edward Hempstead, Mrs. Connell being at that time an infant under the age of twenty-one years. She died in the fall of the following year, and while yet a minor, and left the plaintiff as her only child and heir at law, the plaintiff herself then being but a few months old. In 1829 the plaintiff, she still being in law an infant, intermarried with Cyprian Billion, from whom she was divorced in January, 1862. This suit was brought in September, 1866, and consequently more than three years after Mrs. Billion, the plaintiff, became discovert, and thus relieved of the legal disability resulting from her marriage.

Edward Hempstead, the grantee in the deed from Mr. and Mrs. Connell, took possession of the granted premises under the deed soon after its execution; and the evidence tended to show that such possession, under claim of title, was continued by him and those claiming under him from that time forward, a period of more than fifty years. The defendants mainly rely upon the statute of limitations as a bar to the suit. Does the limitation act of 1847 (Sess. Acts 1847, p. 94) apply to and govern the case? That is the only point it will be necessary to consider in this opinion.

The first section of the act referred to limits real actions to ten years from the date of their accrual; and the fourth sec-

tion provides a saving, to persons under disability, of three years. In the case at bar, as we have seen, the statute had run more than ten years when the plaintiff's disability of coverture ceased. We have also seen that the action was not brought till more than three years after the occurrence of that event. The case, therefore, falls clearly within the provisions of the act of 1847.

The plaintiff, by her counsel, insists, however, that the limitation act of 1825 (R. C. 1825, p. 510, § 2) applies to and governs the case. This act provided a general limitation of twenty years, with a saving to persons under disability of twenty years more — thus in certain cases enacting a limitation of forty years. The plaintiff claims the benefit of the twenty years' limitation, after the removal of disabilities. This claim is founded upon the theory that the provisions of section 15, article III, chapter 103, of the limitation act of 1855 (R. C. 1855, p. 1053, § 15) take the case out of the other provisions of that act, as also out of the other provisions of the act of 1847, and subject it to the limitation act of 1825. The section referred to (§ 15) provides as follows: "The provisions of this act shall not apply to any actions commenced, nor to any cases where the right of action or of entry shall have accrued, before the time when this act takes effect, but the same shall remain subject to the laws then in force." What are the "laws" here referred to? The laws in force at the time the act took effect, or at the time the right of action accrued? The plaintiff assumes the latter position, and claims that her right of action accrued in 1832, upon the death of Connell, when the limitation act of 1825 was in force, giving twenty years in which to sue, after the removal of disabilities, and that this latter act is the one that fixes the right of the parties. The position assumed is not sustainable. It is at variance with the letter and spirit of the law, and the whole tendency of legislation on this subject for the last generation. In 1835 the period for suing after the removal of disabilities was cut down one-half — namely, to ten years. In 1847 the Legislature took up the subject again, and reduced the limitation from ten to three years, and so the law has remained ever

since, showing a fixed determination on the part of the Legislature to limit the saving on account of disabilities to the period of three years.

In the limitation act of 1845 (R. C. 1845, p. 72, § 16) the section corresponding to that of section 15 in the limitation act of 1855, is in these words: "The provisions of this act shall not apply to any actions commenced, nor to any cases where the rights of action or of entry shall have accrued, before the first day of December, 1835, but the same shall remain subject to the laws then in force;" that is, subject to the act of March 16, 1835, which was in force at the time mentioned. Between 1835 and 1845 there was no modification of the limitation law, so that the act of 1835 was in force when the revised act of 1845 went into operation. The effect of the provision was therefore the same as that of section 15 of the act of 1855; that is, the law in force at the time of its enactment was to govern when the right of action had then already accrued.

Between 1845 and 1855 the important limitation act of 1847 was passed, and this accounts for the difference of phraseology between the two sections bearing upon this inquiry — namely, section 16 of the act of 1845 and section 15 of the act of 1855.

In 1845 it was sufficient to say — there having been no intervening changes — that the law in force in December, 1835, should apply to and govern rights of action then accrued. But in 1855 the condition of the law had been greatly changed by the act of 1847. The Legislature, therefore, not wishing to disturb the law of 1847, instead of enacting that the law of 1845 should govern in cases where the right of action had then already accrued, enacted that the law in force at the time the revised act should take effect should apply to and govern such cases. The law of 1847 was then in force, and consequently must control in all cases where the right of action had accrued at the time the subsequent act went into operation, provided the period limited in the act had run after its passage.

In accordance with this view are the prior decisions of this court. In Callaway v. Nolley *et al.*, 31 Mo. 393, the cause of action accrued in 1844, while the limitation act of 1835 was in force,

giving twenty years in which to sue. The action was commenced in 1859, more than ten years after the act of 1847 took effect; but less than twenty years from the time when the right of action accrued against the defendants. If section 15 of the act of 1855 took the case out of the statute of 1847, as the plaintiff here contends, and subjected it to the law of 1835, which was in force when the right of action accrued, then the action was not barred, for the twenty years had not run. But the court decided that the action was barred, and that it was subject to the act of 1847, notwithstanding said section 15. In delivering the opinion of the court, Judge Scott said: "The construction put upon the existing statute of limitations as to real actions is that when ten years have elapsed from the taking effect of the act (the act of 1847), the action is barred, although it first accrued under some other act of limitations, which gave a longer period within which to sue." The decision in Carondelet v. Simon, 37 Mo. 408, is to the same effect. These decisions must be taken as settling the point in issue adversely to the plaintiff's view.

The plaintiff's counsel, however, suggest that section 14 of the limitation act of 1865 (Gen. Stat. 1865, p. 747, § 14) enlarges the scope of section 4 of the limitation act of 1847. The section referred to is substantially the same as section 10, article II, chapter 103, of the revision of 1855. Section 10, in the act of 1855, relates exclusively to personal actions, and has no reference to suits for the recovery of real property. Its re-enactment is to be construed as a continuation of the old law, and not as a new enactment. (Gen. Stat. 1865, p. 883, § 5.) The substitution of the word "chapter," in the new arrangement of the statutes, in place of the word "article," under the old arrangement, manifestly was not designed to change the effect of the law; besides, the limitation of three years had elapsed when the General Statutes of 1865 took effect.

The plaintiff makes the further point that the limitation of three years does not bar the action, since the suit was commenced within one year next after the decision of a prior suit against her, namely: the suit of Billion v. Larimore, reported in 37 Mo. 375. In other words, it is sought to place the case under

protection of the statute which provides that where an "action shall have been commenced within the time respectively prescribed, * * * and the plaintiff therein suffers a nonsuit, or after verdict for him the judgment is arrested, or after judgment for him the same is reversed on appeal or error, such plaintiff may commence a new action from time to time within one year after nonsuit suffered, or such judgment is arrested or reversed." (R. C. 1855, p. 1051, § 3.) The statute has no application to this case. The plaintiff in Billion v. Larimore *et al.* suffered no nonsuit, nor was the judgment in the cause either arrested or reversed. It was affirmed, and the judgment was against the plaintiff; and so the judgment against the plaintiff in the present suit will also be affirmed. The other judges concur.