WILLIAM GILKER AND MARY GILKER, HIS WIFE, Appellants, *v.* HENRY BROWN, Respondent.

1. *Conveyances — Life estate — Mortgage — Conditional estate — Reverter — Forfeiture.* — A deed from A. to B. conveyed a life estate in certain premises, remainder in fee to the children of A.; and provided that in case of the attempt of B. to sell or dispose of his interest or life estate, except to the children, that estate should cease and the property vest absolutely in the children. B. afterward conveyed away the property by mortgage. *Held,* first, that the mortgage, either in itself or as perfected by subsequent action, was a sale such as worked a forfeiture of the life estate; second, that such estate was not one upon condition, with a reversion to the grantor upon condition broken, as the entire estate passed out of him with no possibility of reverter; that hence no declaration of forfeiture on the part of the grantor was necessary to determine the estate of the grantee, but that his life estate terminated, and that of the children commenced, at once upon the making of the mortgage.

2. *Lands and land titles — Action for recovery of lands, limitations to — Acts in force when action commenced, not when cause of action accrued, must govern, when.* — Where the right of action for the recovery of real estate accrued in 1833, and plaintiff in the action became of age in 1849, suit brought in 1867, being less than twenty but more than ten years afterward, would be barred by the statute of limitations. The case would be governed by the act of 1847 (Sess. Acts 1847, pp. 94–5, §§ 1, 4) limiting the right of action to ten years, and not by that of 1825, allowing twenty years after the removal of disability within which to sue. The case would not be taken out of the provisions of the act of 1847 by section 15 of the act of 1855 (R. C. 1855, p. 1053). Under a proper interpretation of that section the action was subject to the laws in force at the time of the passage of the act of 1855, viz: the laws of 1847. The "laws" referred to in that section can have no reference to those in force when the right of action accrued, but when the act of 1855 took effect. It can have no reference to any acts of limitation prior to those of 1847. (See Billion v. Walsh, 46 Mo. 492.)

### *Appeal from Sixth District Court.*

*M. Kinealy,* with whom was *J. A. Kellar,* for appellants.

I. On the facts set forth in the instruction of the court below, the limitation act of 1825 governs in this case, and the suit was not barred. (Schultz v. Lindell's Heirs, 40 Mo. 352; Reaume v. Chambers, 22 Mo. 54; Billon v. Larimore, 37 Mo. 387.)

II. The instruction given by the court assumes a state of facts which was not in proof. Mary Lyons took a life estate in the land upon a condition subsequent. (2 Washb. Real Prop. 20.) The breach of the condition, without entry or claim, did not work

a *cesser* of the estate of Mary Lyons or her grantees. (4 Kent, 128.) Until this suit was brought, there had been no entry or claim, as neither a mere silent acquiescence in the act constituing a breach, nor a parol assent to it, will amount to a waiver of the right of forfeiture for the breach. (2 Washb. Real Prop. 16.) Mary Lyons was alive when this suit was commenced, and the parties entitled to enter by reason of the forfeiture are not bound to enter, and may wait until the natural termination of the life estate; and the statute of limitations will not commence to run against them in favor of the grantee of the tenant for life until then, if they do not enter before. (Jackson v. Marcius, 2 Wend. 357.)

*E. A. Lewis*, for respondent.

There was no error in the instruction. The petition shows the right of action to have accrued to the plaintiff, Mary Gilker, in 1833, when she was under the disability of minority. Her disability of coverture did not arise until 1844, and could not then be cumulated upon that of minority. So that, even by the statutes then existing, she was barred long before the action was commenced. (Keeton v. Keeton, 20 Mo. 530; Dersaunier v. Murphy, 33 Mo. 184; Billon v. Larimore, 37 Mo. 375.) But the whole case is concluded by the statute first approved February 2, 1847, whether the right of action accrued in 1833, according to the petition, or in 1837, according to the proofs — twenty-four years being there made the utmost limit in any possible case. (Sess. Acts 1847, p. 94.) This is a statute of repose. Its operation gave ample time for these plaintiffs to assert their claim before being barred. It has conferred an absolute title on the defendant as against any right which has lain dormant for twenty-four years. It supersedes all previous statutes, whether rights had accrued under them or not. (Callaway County v. Nolly, 31 Mo. 395; Nelson v. Brodhack, 44 Mo. 396; Stephens v. St. Louis National Bank, 43 Mo. 388.) In the case of Schultz v. Lindell, 40 Mo. 330, cited by appellants to show that effect was given in 1867 to the statute of 1825, it will be observed that the suit was commenced in September, 1855, which was before the act of 1847 went into effective operation.

Bliss, Judge, delivered the opinion of the court.

This is an action of ejectment commenced in October, 1867, in the St. Charles Circuit Court, and the petition alleges that the right of entry and cause of action accrued to Mary Gilker, then Mary Lyons the younger, in December, 1833. The answer denies plaintiff's allegations and sets up the statute of limitations, and the reply interposes the disabilities of minority and coverture.

One James Lyons, the father of Mrs. Gilker, was the original patentee of the land; and in January, 1833, he executed a deed, by which he conveyed to his sister, Mary Lyons the elder, in consideration of his regard for her, and of her care and attention to his three infant children, a life estate in the premises in controversy, remainder in fee to said children; and the deed expressly provides that in case of her intermarriage, or in case she shall attempt to sell or dispose of her interest or life estate, except to his said children, the life estate shall cease and the property vest absolutely in the children. In December, 1833, said Mary Lyons conveys the property to one Aubrey, to secure him upon a liability for costs; and while there is no evidence of foreclosure or release by her, Aubrey seems to have soon after held and treated the property as his own. The plaintiffs claim that, by the terms of the deed to Mary Lyons, this conveyance worked a forfeiture of the estate to the children of the original grantor, whose names were John, Mary, and Elizabeth. John and Elizabeth died in infancy and without issue, and Mary, who is the present plaintiff, Mary Gilker, claims through said deed of her father as grantee therein, and as heir of her brother and sister.

The principal questions raised by the record pertain to the construction of our various statutes of limitation; but before considering them and their application to this case, we should first inquire when the life estate determined and the property became vested in the children. Under the mortgage by Mary Lyons to Aubrey, in 1833, we find him soon after in possession and selling to third persons. The leading object of the original grant, viz: to provide for the infant children of the grantor, seems to have been defeated, and we are warranted in treating

such mortgage, either in itself or as perfected by subsequent action, as a sale provided against by the terms of the original grant.

This was not an estate upon condition, with a reversion to the grantor upon condition broken, for the entire estate passed out of him, with no possibility of reverter. Had it been such an estate it would not have been terminated by the breach of the condition alone, for the law permits it to continue until the grantor or his heirs shall determine to take advantage of the breach. (2 Blackst. Com. 155–6; 4 Kent, 126–7; Washb. Real Prop. 450; Warner v. Burnett, 31 Conn. 468.) The grantor who imposes the condition has a right to waive it, and so long as he does so the estate continues.

There can be no estate upon condition unless there is or may be a reversion, unless the right of entry for breach remain in the grantor or devisor, or his heirs, upon the theory that the breach of the condition works a forfeiture of the original grant, and the grantor, etc., enters upon the estate divested of intermediate encumbrances. Upon this theory the grantor, etc., alone can enter, for he alone is interested in and can have a right to work such forfeiture. If, where the estate is all conveyed without any reversion, as in the case at bar, the first estate were held to be an estate upon condition, the original grantor, etc., who alone can declare a forfeiture, might refuse to do so, and hence the subsequent estate be defeated. In view of this inconvenience, and of the fact that there can be no forfeiture to one who has become a total stranger to the subject of his grant, " a condition followed by a limitation over to a third person, in case the condition be not fulfilled, or there be a breach of it, is termed a conditional limitation" (3 Gray, 146–7), and the previous estate at once determines upon the happening of the contingency upon which it is limited. The same effect, in this regard, is given to words merely conditional as would be given, had there been a reversion, to words of express limitation.

This distinction is well illustrated by the case at bar. No estate, right, or interest had been left in James Lyons. There could be no forfeiture to him of the estate granted his sister, and

he had no right to waive a breach of the condition, for he had conveyed all his interest, the estate granted his sister being limited upon her death, marriage, or attempt to sell, and that granted his children to commence in possession upon the happening of either of said contingencies. The estate, then, of Mary Lyons terminated in 1833, or soon after; the right of entry in the children of James Lyons became, at such termination, at once complete, and the statute of limitations, unless restrained on account of disabilities, then began to run.

Counsel for plaintiff present a question which may hereafter become one of importance. They now insist that the right of entry in the children of the grantor commenced at the death of the tenant for life, and that the statute could not begin to run until then. It is true that, although a right of entry at once accrued upon termination of the original estate by breach of condition, the remainder-man is not bound to enter at that time, but may permit the life estate to terminate by the death of the tenant for life without prejudice to his right of entry at such death. (Wells v. Prince, 9 Mass. 508; Wallingford v. Head, 15 Mass. 471; Stevens v. Winship, 1 Pick. 327; Washb. Real Prop., ch. 30, § 375.) This doctrine does not seem quite consistent with the former view; but it must be founded, I think, upon the injustice—if the remainder-man is unadvised of or omits to take advantage of a conditional and perhaps doubtful limitation— of preventing him from taking his estate after the express and unconditional determination of the former one. But this question can not affect the present action, because it was begun before the death of the tenant for life, and is expressly based upon the determination of the former estate by breach of condition.

At the instance of defendant, the court gave the following instruction, to which the plaintiff excepted: "It being admitted in the pleadings that the right of action, if any, accrued in the year 1833, if it appears from the evidence that the plaintiff, Mary Gilker, was at the time an infant, and that she reached her majority in the year 1849, then, as to her individual right under the deed of James Lyons to Mary Lyons, she is bound by the statute of limitations and can not recover in this action. And if

it further appear from the evidence that John and Elizabeth Lyons were also infants at the time the right of action accrued to them, and that they both died before their respective disabilities were removed; that the plaintiff, Mary Gilker, claims as their heir at law, and that more than ten years before the commencement of this suit, and after the periods when the disabilities of the said John and Elizabeth Lyons respectively would have expired had they lived, then the said plaintiff is also barred as to the rights so inherited by her, and can not recover in this action."

With the coverture of Mrs. Gilker we have nothing to do, for that, occurring as it did subsequent to the right of entry, can not be permitted to lengthen the term of the disability arising from infancy. It appears that she arrived at the age of majority (then twenty-one) in 1849. If her right to sue is governed by the act of 1825, which was in force in 1833, then she does not lose it until twenty years after she becomes of age; and this suit, begun in 1867, would be within the statute.

Upon this point the decisions have not been uniform, although the better opinion would seem to be that the limitation act of 1847 swept away those parts of the acts of 1835 and 1845 which provided that where the right shall have accrued before their adoption, actions as regards their limitation shall remain subject to laws then in force. The contrary doctrine seems to have been indicated in Keeton's Heirs v. Keeton's Adm'r, 20 Mo. 542, in Reaume v. Chambers, 22 Mo. 54–5, and in Schultz v. Lindell's Heirs, 40 Mo. 330. But in Callaway County v. Nolley, 31 Mo. 393, the question was directly decided, and the following language was used by the court: "The construction put upon the existing statute of limitations, as to real actions, is that when ten years have elapsed from the taking effect of the act, the action is barred, although it first accrued under some other act of limitations which gave a longer period within which to bring it." The same view was held in City of Carondelet v. Simon, 37 Mo. 408, and would doubtless have been adopted in Schultz v. Lindell's Heirs had the point been a leading one in the case to which the mind of the court was distinctly brought. Section 15, then, of the act of 1855 (R. C. 1855, p. 1053), providing that the pro-

visions of the act shall not apply to any actions commenced, nor to any cases where the rights of action or of entry should have accrued before the time when the act took effect, but that the same should remain subject to the laws then in force, re-enacted in the act of February 4, 1857 (Sess. Acts 1857, p. 80, § 15) and embodied in the revision of 1865 (p. 749, § 32), can have no reference to any acts of limitation beyond the act of 1847; and the court was correct in its instruction as to the individual right of Mrs. Gilker. So also is the instruction correct as to her interest as heir of her brother and sister. They were near her own age, and more than ten years had elapsed after they would, if living, have arrived at the age of twenty-one years before this suit was instituted; and she at least could not complain of the instruction. (Upon this question see Billion v. Walsh, 46 Mo. 492.)

The evidence sustains the petition in regard to the determination, by breach of condition, of the life estate of Mary Lyons, senior, and no amendment can avail the plaintiff. The judgments below will therefore be affirmed. The other judges concur.