ISAIAH H. POE, *et al.*, Appellants, *vs.* ANTOINE DOMEC, *et al.* Respondents.

|  |  |
|---|---|
| 54 | 119 |
| 41a | 380 |
| 54 | 119 |
| 43a | 137 |
| 54 | 119 |
| 168 | ¹631 |

1. *Witnesses—Statute touching—Party dead, other party may testify as to, what.*—In a suit based upon a series of contracts and transactions, the fact that a party to the suit made some of the contracts with one since dead will not under the Witness Act (W. S., 1372, § 1), disqualify him from testifying to other transactions occurring subsequent to the decease.

2. *Depositions, notice of—Service on attorney who was co-defendant.*—Notice of deposition served upon one who was the attorney of record of all the defendants is sufficient service on them, and is in nowise invalidated by the fact that the attorney was also co-defendant.

3. *Limitations, statute of—Infancy—Entry—Action may be commenced, when.*—Parties to a suit for the recovery of land, who were infants when their right of action or entry first accrued, may commence their action or make an entry within three years after their disability has been removed, if that event does not occur more than twenty-four years after the accrual of the right.

4. *Trusts and trustees—Limitations, statute of—Claim of title by trustee independent of the trust.*—When a trustee denies the trust and openly claims the trust property by a title independent of the trust and adversely to the claim of the beneficiary, the statute of limitations will run in his favor.

*Appeal from Cape Girardeau Circuit Court.*

*Lewis Brown,* for Appellants.

I. The statute of limitations, has never been permitted to be pleaded in bar of a trust, to cover up a mistake, or to take the benefit of a fraud by the party pleading it. (1st. Danl. Ch. Pr. [3d Ed.] 666, *et seq.;* Kane vs. Bloodgood, 8 Johns. Ch., 90; Keeton vs. Keeton, 20 Mo., 530; Johnson vs. Smith, 27 Mo., 591; Fugate vs. Pierce, 49 Mo., 441; Ang. Lim. [4 Ed.] § 384 and notes.)

II. The statutes and the repeated rulings of this court, are against the admissibility of defendant Poe's evidence for any purpose whatever—" in actions where one of the original parties to the contract or cause of action in issue and on trial is dead, * * * the other party shall not be admitted to testify in his own favor. (2 W. S., 1372, § 1; Stanton vs. Ryan, 41 Mo., 510; Johnson vs. Quarles, 46 Mo., 423; Anderson vs. Hance, 49 Mo., 159.)

*Louis Houck,* for Respondent.

I. The defendant Poe was a competent witness under the

statute. The issue on trial here was not the contract between the defendant Poe and his son W. H. Poe. The issue was: Did defendant Poe destroy the deed he made, (appellants assume the existence of the contract,) after the death of his son? (Looker vs. Davis, 47 Mo., 140.)

II. The statutes of limitations, even assuming that defendant Poe was guilty of the frauds alleged, were a complete bar to the action of the plaintiffs.

III. In order to avoid the statutory bar, it was incumbent on the appellants to show, that they came within the saving clause of the statute. Appellants failed to do so.

IV. The defendant Poe was in the actual possession of the property from 1845—the time of the death of Hastings—to the time of sale to Domic in 1868. Nor did he pay any rent to Mrs. Barbara Poe, the widow, for the land. He at one time shortly after the death of Hastings Poe, handed her three dollars, and then said "there is the money for the rent of your house," and this amount was paid in 1845, more than 27 years ago.

V. The rule is: "Whenever a person takes possession of property in his own name, and is afterwards by matter of evidence, or construction of law, changed into a trustee, lapse of time may be pleaded in bar." (Keeton vs. Keeton, 20 Mo., 531; Perry Trusts, §§ 229 239.)

Vories, Judge, delivered the opinion of the court.

This was a suit in chancery commenced in the Cape Girardeau Circuit Court.

The charges in the petition are substantially, that sometime in the year 1832, one William H. Poe entered upon lands described as "out lot number fifty-three situate near the city of Cape Girardeau, said lot being part of the confirmation made to Lewis Lorimer, and in survey number two thousand one hundred and ninety"; that said William H. Poe resided on said lands claiming them as his own openly, adversely and notoriously, which notorious possession under color of title and claim of right, was notorious in the community up to the date of his death in the year 1845; that when

he died he left his widow Barbara E. Poe, his daughter Sarah E. Poe (since intermarried with Oscar E. Pruny,) and Isaiah H. Poe as his only heirs and representatives; that on the first day of September 1869, the said heirs for a valuable consideration conveyed one undivided half of said lands to George G. Kimmel and Lewis Brown their co-plaintiffs; that the said William H. Poe at the time of his death was seized and possessed of said land in fee simple, and left his said heirs in the peaceable and lawful possession thereof; that sometime prior to the death of said William H. Poe, the defendant Isaiah Poe duly made and delivered to the said William H. Poe and his heirs, for a good consideration, a conveyance of said land by covenants of general warranty; that by the fraud and deceit of said defendant Isaiah Poe, said conveyance was never put upon the records of said county; that after the death of said William H. Poe, the defendant Isaiah Poe, intending to cheat and defraud, said heirs, did in violation of law procure himself to be appointed administrator of the estate of said William H. Poe; that in furtherance of said fraud, said Isaiah Poe failed to take the oath required of him as such administrator; that he failed to make a full, true or perfect inventory of said land and the effects of said estate; that in furtherance of said fraudulent intent, he did demand and receive all of the books, papers and vouchers belonging to said estate, of and from the said Barbara E. Poe-among which, was the conveyance of said land by him to said William H. Poe; that after he had so fraudulently obtained the possession of said conveyance, he fraudulently destroyed the same and failed to put said conveyance in the schedule of the property of said estate; that as the administrator of said estate, in the year 1846 he took possession of said land, and has ever since received the rents and profits thereof, and has failed to account therefor.

The petition alleges that on the 15th day of August 1869, the said Isaiah Poe further intending to cheat and defraud the heirs of said estate, did pretend to sell and convey said land to said Antoine Domic; that said Antoine Dom-

ic well knowing all of the facts aforesaid, did fraudulently pretend to purchase the same from said Poe; that all of said facts were and are of general notoriety; that the reasonable worth of the yearly rents of said land is two hundred dollars per annum. Wherefore it is prayed, that the conveyance from Isaiah Poe to Antoine Domic as aforesaid, be declared null and void; that the title to said land be adjudged in the plaintiffs, and that they have judgment for the rents and profits, at the rate of two hundred dollars per year, from 1846, and further, there is a prayer for general relief.

To this petition the defendants answered separately. The defendant Isaiah Poe by his answer denies all of the material allegations in the petition, except that he admits that he has been in the exclusive possession of the land in controversy ever since the year 1846, and avers that he was in the possession of the same for a number of years prior thereto. He then sets up the statute of limitations averring that neither the plaintiffs or their predecessors or those under whom they claim have been seized or possessed of the land for more than ten years before the commencement of the suit. He also sets up as a defense that no right of action accrued to plaintiff's within twenty years before the filing of the petition.

The defendant Domic by his answer denies all of the material allegations in the petition which could effect his rights, and claims to be an innocent purchaser of the land in question for a full consideration without any notice of the plaintiffs' claim, or that they pretended to claim any right or interest in the land. He also pleads that no right of action has accrued to plaintiffs within twenty years before the filing of the petition, and also, that none has accrued within five years, and that neither the plaintiffs, their predecessors or ancestors, or any person under whom they claimed had been seized or possessed of the land or any part thereof, for more than ten years before the commencement of the suit.

The plaintiffs replied to the answer of the defendant, Domic, denying the new matter set up therein. No replication was made to the answer of defendant, Poe.

Afterwards a trial was had, and the court, after hearing the evidence, found for the defendants, and dismissed plaintiffs' bill rendering judgment against them for costs.

The plaintiffs in due time, filed a motion for a new trial, on the ground, that the finding and judgment were against the law and were against the evidence; and that the finding was for the wrong party, as shown by the evidence.

This motion for a new trial being overruled by the court, the plaintiffs again excepted and appealed to this court.

With the view that I entertain of this case, it will only be necessary to pass upon one question in the case; and it will only become necessary, in a general way, to refer to the evidence in the cause.   There is a great mass of evidence, but it tends to prove but few facts.   It may, however, be proper to refer to a preliminary question arising in the case, before the consideration of the main question involved.

Before the commencement of the trial the plaintiffs moved the court to suppress the deposition of the defendant Poe, taken and filed in the cause by defendants.

The grounds relied on to suppress the deposition, were, First—That the defendant Poe, was not competent to testify in the case, for the reason that the deed, attempted to be established in the case, was charged to have been executed by said witness to William H. Poe, who it was admitted was dead; and Second—That it appeared that no notice had been given of the time and place of taking the depositions to part of the defendants.

The court sustained this motion, so far as to suppress all of the deposition that related either to the execution or delivery of the deed in question, and overruled the motion as to other parts of the deposition.   The defendant contends, that the whole of the deposition should have been excluded; that by the statutes of this State (Wagner's Statutes, 1372, § 1), the defendant Poe, was wholly incompetent to testify to any facts in the case.   The statute provides, that "No person shall be disqualified as a witness in any civil suit or proceeding at law or in equity, by reason of his interest in the event

of the same as a party, or otherwise; but such interest may be shown for the purpose of effecting his credibility; *provided*, that in actions, where one of the original parties to the contract or cause of action in issue and on trial, is dead, or is shown to the court to be insane, the other party shall not be admitted to testify in his own favor," &c. It will be seen, that all parties are made competent witnesses by this section of the statute, but where one of the parties to a contract in issue is dead, the other party shall not be permitted to testify in his own favor. It was not intended by the statute, that in cases consisting of a series of contracts and transactions, each of which were put in issue by the pleadings, some of which transactions had been had with a party who had since died, and others of the transactions had been had with others, or consisted of facts which had taken place since his death, the party living should be excluded from testifying to facts occurring since the death of the party to the first transaction. Such an exclusion would be wholly outside of the object and intention of the legislature. The object of the law was to prevent one party from testifying to a contract in issue, where the lips of the other party were closed, so that his version of the contract could not be given; but it could answer no valuable purpose to exclude a party from testifying to facts about which the dead party knew nothing in his life-time, and which was wholly transacted with others. (Stanton vs. Ryan, 41 Mo., 510.)

The ruling of the court was proper on this motion, in excluding the evidence which related to the deed named in the petition; but on the trial, evidence was read from the deposition, of a contract between the witness and his son, different from the contract in issue in the pleadings. This was wrong; but the tendency of the evidence was strongly against the defendant, and could have no bearing whatever, on the issue upon which this case must be decided; it could do the party no injury, and will be disregarded.

In reference to the notice given of the time and place of taking the deposition, the objection is, that it was only served

on defendant Brown, who was also the attorney of record for all the defendants in the case.

This would be good if Brown had only been the attorney of the parties, and it cannot be seen why his being a joint plaintiff, as well as the attorney of the parties, would make the notice less effectual. He was present and cross-examined the witness, and that was all that was required.

The main question in this case, and the matter on which the defendants seem to rely, is the statute of limitations. It is quite clearly shown, that the defendant Isaiah Poe, had some kind of a written contract with his son, William H. Poe, in reference to fifty acres of the land in controversy; but the nature is not ascertained or ascertainable from the evidence in the cause, unless we take the statement of defendant Poe, and with said statement, it cannot be told what particular part of land the young man was to have, even on the conditions stated by the old man.

The evidence fails to show that defendant Domec, had any notice of the right or claim of the plaintiffs in or to the land in controversy, at any time before his purchase of the land. But the evidence does show, that defendant Domec, still owes his co-defendant, Poe, eleven or twelve hundred dollars on the eighty acres of land in controversy; and that he purchased the land for a fair consideration, and had, without notice of plaintiffs' claim or right, paid about twelve hundred dollars on the same.

It is hardly necessary to say, that if the statute of limitations were not interposed, under a proper bill, the plaintiffs might at least recover for the improvements made on the land out of the purchase money unpaid to defendant Poe, by Domec.

The difficulty, however, in the way of any recovery in this case, is the statute of limitations.

The statute provides (W. S., 915, § 1), that "No action for the recovery of any lands, tenements or hereditaments, or for the recovery of the possession thereof, shall be commenced, had or maintained by any person, whether citizen, denizen,

alien, resident or non-resident of this State, unless it appear that the plaintiff, his ancestor, predecessor, grantor or other person under whom he claims, was seized or possessed of the premises in question, within ten years before the commencement of such action, except in cases of military bounty lands, which shall be within two years." By the fourth section, it is provided, that "If any person entitled to commence any action in that chapter specified, or to make any entry, be, at the time such right or title shall first descend or accrue, either within the age of twenty-one years, or insane, or imprisoned on any criminal charge, or in execution upon some conviction of a criminal offense for any time less than life, or a married woman, the time during which such disability shall continue, shall not be deemed any portion of the time in this chapter limited for the commencement of such actions or the making of such entry; but such person may bring such action or make such entry after the time so limited, and within three years after such disability is removed; *provided*, that no such action shall be commenced, had or maintained, or entry made by any person laboring under the disabilities specified in this section, after twenty-four years after such cause of action, or right of entry, shall have accrued."

The statutes of the State have been substantially the same since the act of 1847, and must govern this case. (Billion vs. Walsh, 46 Mo., 492.)

The plaintiffs had a right, in this case (if they were infants when the right of action or entry first accrued), to commence their action or make an entry within three years after their disability was removed, if that was not more than twenty-four years after the right accrued.

It will be seen, by the evidence in this case, about which there is no controversy, that William H. Poe died in the fall of 1845, leaving two of the plaintiffs as his heirs, who were then small children. Their age is not exactly shown, except that one of them is shown to have been 28 years old at the time of the trial. By this evidence it is clearly shown, that the disability of infancy had been removed more than three

years before the commencement of the suit; and that it had also been more than twenty-four years since the right of action had accrued, if it accrued shortly after the death of their father.

It is, however, contended by the plaintiffs, that the defendant Poe, took possession of the land in controversy, after the death of his son, as his administrator; and that he held such possession as a trustee for the benefit of plaintiffs.

It is true, that the statute of limitations does not run in favor of one who holds property in his possession under an express trust. This possession in such case is consistent with the claim of those who are the beneficiaries in the trust property. But where the trust is not an express trust, but only implied by law or results on the ground of some fraud on the part of the trustee, and must be declared by a court of chancery, or where the trust is openly denied by the trustee and he openly claims by a title independent of the trust and adversely to the claim or right of the beneficiary, then the statute will run. (1 Daniel's Ch. Pl. & Prac., 668, 669; Keeton vs. Keeton, 20 Mo., 530.)

In this case the evidence tends to show, that immediately after the death of William H. Poe, the defendant Isaiah Poe, recognized a right or interest in the children of the deceased in the land in controversy; but it is clearly shown by the evidence, that in a few days after the death of his son, he claimed the land as his own; that he refused to inventory the land as the land of his son, but rented, controlled and used the land as his own, exercising the ordinary acts of ownership over it up to the time that he sold it to defendant Domec, in the year 1869; and that Domec has had possession of it ever since. There is no evidence that any of the plaintiffs ever claimed the land or disputed the title of old man Poe to the land, until about the time of the commencement of this suit —a period of twenty-five or twenty-six years.

I think the court below properly dismissed the plaintiffs' bill.

The judgment will be affirmed; the other judges concur, except Judge Sherwood, who did not sit.