————o————

ANN M. WEILAND, Respondent, vs. LEWIS WEYLAND, Appellant:

1.  *Witness act—Suit by executor on note made to testator— Written discharge by— Testimony of defendant as to—Paper inadmissible, when—Refusal of instructions.*—Where suit is brought by an executor on a promissory note given to the testator, defendant is incompetent to testify as to the execution of a paper made by the testator discharging defendant from his obligation, or as to any facts connected with the transaction. (Wagn. Stat., 1372–3. § 1.)  Without proof of its execution the paper is not admissible in evidence.  And instructions predicated on such instrument are properly refused.

2.  *Instructions—Evidence.*—Instructions not based on evidence should be refused.

*Appeal from Cooper County Circuit Court.*

*John Cosgrove,* for Appellant.

*Draffin & Williams,* for Respondent, cited :  Stanton vs. Ryan, 41 Mo. 510 ; Johnson vs. Quarles, 46 Mo. 423 ; Poe vs. Domic, 54 Mo. 119 ; Kellogg vs. Malin, 62 Mo. 429 ; Maupin vs. Triplett, 5 Mo. 422.

NORTON, Judge, delivered the opinion of the court.

This suit is founded on a promissory note executed by defendants to the testator of plaintiff for the payment of four hundred dollars. The defendant in his answer admits the execution of the note, and sets up as a defense that William Weiland, to whom the note was executed, made the defendant an absolute gift of the debt and money evidenced by said note, and that the gift was made in writing, and was intended as a receipt in full of said debt and interest. The allegations of the answer were denied by replication, and on a trial by the court without the intervention of a jury, judgment was rendered for plaintiff for the amount of said note and interest, from which defendant has appealed.

The record shows that during the progress of the trial, defendant offered in evidence a paper written in the German lanluage, and which, by agreement of counsel, was translated, which is as follows :

BOONEVILLE, June 15, 1871.

L. WEYLAND,

I herewith notify you that I intend to make some improvements, as my income is small and slow, I am obliged to ask you for the return of a few hundred dollars. I did not intend to trouble you, but I learn you have sold some property for which you will get the money, it will therefore, not be hard for you to comply with my wishes. The note for four hundred dollars can remain yours, but what is over I shall be obliged to have, because we are unable to do any more work and need money everywhere. W. WEILAND.

Defendant was sworn as a witness and asked to state if the paper offered in evidence was delivered to him, and if so, by whom, and if he knew in whose handwriting the same was, and whether he ever executed to William Weyland any note for $400 besides the note in suit. This evidence was objected to on the ground that defendant was not a competent witness to prove the facts sought to be proven, because the said William Weyland, the party to the transaction, was dead. This objection was sustained by the court, to which defendants excepted. The

determination of the question whether the court erred in refusing to allow defendant to testify, will be decisive of this case.

It is well settled that before an instrument of writing like the one offered can be received in evidence, its execution must first be proved and the rejection of the evidence offered to prove its execution is equivalent to the rejection of the  paper writing itself.

It is provided in Wagn. Stat., (1373, § 1), that "where an executor or administrator is a party, the other party shall not be allowed to testify in his own favor, unless the contract in issue was originally made with a person who is living and competent to testify except as to such acts and contracts as have been done or made since the probate of the will or the appointment of the administrator."

The language of the act is clear and explicit, and the repeated construction it has received in the following cases fully sustains the trial court in rejecting the evidence offered.   (Kellogg vs. Malin, 62 Mo. 429 ; Poe vs. Domic, 54 Mo. 124 ; Johnson vs. Quarles, 46 Mo. 423 ; Stanton vs. Ryan, 41 Mo. 510.)   The five declarations of law asked by the defendant and refused by the court were properly refused, because by the exclusion of defendant as a witness, and the failure to establish by other evidence the execution of the writing herein set forth, there was no evidence on which any of the instructions which were refused could be founded.

Judgment affirmed ; the other judges concurring.