ELIZA J. BARRETT. ET AL., Appellants, *v.* ALLEGHENY NATIONAL BANK ET AL., Respondents.

December 10, 1878.

After the lapse of twenty-four years from the time the cause of action accrued, the Statute of Limitations is a complete bar to any action for the recovery of lands by one under disability; and actions to set aside conveyances of real estate are governed by this limitation.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

CHARLES GIBSON and E. CUNNINGHAM, JR., for the appellants, cited : *Bank* v. *Markley*, 1 Dana, 373 ; *Prescott* v. *Hubbell*, 1 Hill Eq. 214 ; *Williams* v. *Cable*, 10 N. J.

Eq. 543; *Walker* v. *Walker*, 25 Ga. 76; *Bricker* v. *Light-ner*, 40 Pa. St. 199; *Hunter* v. *Hunter*, 50 Mo. 445; *Martin* v. *Smith*, 1 Dill. 85.

STERLING & WEBSTER and G. POLLARD, for respondents, cited: *Dyer* v. *Brannock*, 2 Mo. App. 443; *Valle* v. *Oberhaus*, 62 Mo. 81; *Gray* v. *Yates*, 7 Cent. L. J. 276; *Hunter* v. *Hunter*, 50 Mo. 445; *Bobb* v. *Woodward*, 50 Mo. 103; *Thomas* v. *Matthews*, 51 Mo. 107; *Callaway County Court* v. *Nolley*, 31 Mo. 393; *Rogers* v. *Brown*, 61 Mo. 191.

BAKEWELL, J., delivered the opinion of the court.

This is an action to set aside the foreclosure of a deed of trust upon real estate, and to set aside the trustee's deed conveying the same, for fraud, and because the notice of sale was not in compliance with the terms of the deed. The foreclosure is alleged to have taken place on the 11th of August, 1845. This petition was filed on the 26th of May, 1875. It is alleged that plaintiffs had no notice of the irregularity in the notice of sale, or of any facts which should have put them on their inquiry as to the alleged fraud, until 1867, and within less than eight years of the commencement of this action; that two of the plaintiffs then were, and have ever since been, married women; and that the facts stated in the petition could not be ascertained without long and tedious examination, correspondence, and inquiry; and that this suit was commenced within less than two years after such inquiry could be made and the facts of the case sufficiently ascertained to enable plaintiffs to bring their suit.

Defendants demurred on the ground that the right of action is barred by the statute, and that the claim is stale.

The demurrer was sustained. Plaintiffs refused to plead further, and judgment was rendered on the demurrer; from which plaintiffs appeal.

The Statute of Limitations of February 2, 1847 (Sess.

Acts 1847, p. 94), is still in force in this State. Thirty years had elapsed since the deed alleged to be fraudulent was executed, and twenty-eight years since the passage of the limitation-law, when this action was commenced. When the time limited by the statute in force when the suit is commenced has elapsed, the action is barred, though it accrued under a former act. *Callaway County Court* v. *Nolley*, 31 Mo. 393; 47 Mo. 492; 47 Mo. 105.

Our existing Statute of Limitations is applicable to proceedings in equity as well as to actions at law. *Rogers* v. *Brown*, 61 Mo. 187. After the lapse of twenty-four years it operates as a statute of absolute repose, and bars any action for the recovery of lands or for the possession of lands by any person laboring under the disability of coverture, infancy, insanity, or imprisonment, after twenty-four years from the time the cause of action accrued. *Valle* v. *Oberhaus*, 62 Mo. 89; *Dyer* v. *Brannock*, 2 Mo. App. 443. And suits to set aside conveyances of real estate are governed by this limitation.

The provisions of the statute giving a right of action in case of fraud, at any time within five years after the discovery, has no application to an action to set aside a conveyance of real estate for fraud. *Rogers* v. *Brown*, 61 Mo. 187. Were the case otherwise, the facts stated in the petition would exclude this action from its operation, because more than ten years have elapsed since the fraud was committed.

The demurrer was properly sustained. The judgment is affirmed. All the judges concur.